# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RICKEY BENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:25-cv-02103-SHM-tmp |
| ) | |
| OFFICER S. FIFER and OFFICER Y. ) | |
| FLETCHER, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING CONSOLIDATED COMPLAINT (ECF NOS. 1-2, 4-6, 9, 11 & 12) PURSUANT TO 28 U.S.C. § 1915(g); AND DENYING PENDING MOTIONS (ECF NOS. 7, 8 & 10)**

On January 30, 2025, Rickey Benson, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), filed a *pro se* civil complaint under 42 U.S.C. §1983 (ECF No. 1) and a "motion for crossclaim" (ECF No. 2). When Benson filed the complaint, he was incarcerated at the Shelby County Division of Corrections (the "SCDC"), in Memphis, Tennessee. (ECF No. 1-1 at PageID 3.)

On February 12, 2025, Benson filed a "second crossclaim." (ECF No. 4.)

On February 20, 2025, Benson filed: (1) a "motion to correct" allegations he made in the initial complaint about the badge number of Defendant Officer S. Fifer (ECF No. 5); (2) a "motion for crossclaim of negligence" (ECF No. 6); and (3) a "motion for Court to order Clerk to mail Plaintiff [an] application to proceed I.F.P." (ECF No. 7).

On February 24, 2025, Benson filed: (1) a "motion for restraint order against Defendant Fifer and inmates/gang members at SCDOC" (ECF No. 8); and (2) a "motion for crossclaim against Director/Administration and Grievance Department" (ECF No. 9).

On March 11, 2025, Benson filed a motion for a restraining order against "Fifer and inmates/gang members at SDOC." (ECF No. 10.)

On March 14, 2025, Benson filed a "motion for crossclaim against healthcare staff conspiracy with director and subordinates to inflict cruel and unusual punishment to kill Plaintiff due to pending lawsuits in U.S. courts." (ECF No. 11.)

On March 24, 2025, Benson filed a "motion for crossclaim / requested relief for conspiracy of further physical harm, violation of oath of office, personal animosity and retaliation by the Defendants, Director, and Sgt. Washington with motion for Court to order Director to submit video footage to Court due to incident." (ECF No. 12.)

For the purpose of addressing whether Benson has complied with the requirements of 28 U.S.C. §§ 1914(a) and 1915(a)-(b) for this case to proceed, the Court CONSOLIDATES the complaint (ECF No. 1), the motions for crossclaim (ECF Nos. 2, 4, 6, 9, 11 & 12), and the motion to correct (ECF No. 5) as the CONSOLIDATED COMPLAINT (ECF Nos. 1-2, 4-6, 9, 11 & 12).

For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 1-2, 4-6, 9, 11 & 12) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g); (2) leave to proceed *in forma pauperis* is **DENIED**; and (3) all pending motions (ECF Nos. 7, 8 & 10) are **DENIED**.

I.     **LEGAL STANDARD**

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2); *see also McGore v.*

2

*Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs"), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

**II.   ANALYSIS**

Benson has filed at least three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Benson may not file any further action in which he

---

[1] *See Benson v. Luttrell, et al.*, No. 08-2825-JPM-dkv (W.D. Tenn. Jan. 9, 2009) (dismissed for failure to state a claim), *aff'd*, No. 09-5145 (6th Cir. Nov. 4, 2009); *Benson v. Luttrell, et al.*, No. 07-2790-SHM (W.D. Tenn. Sept. 11, 2008) (dismissed for failure to state a claim), *appeal dismissed*, No. 08-6277 (6th Cir. July 20, 2009), *cert. denied*, 130 S. Ct. 411 (2009); and *Benson v. Luttrell, et al.*, No. 04-2507-JPM-tmp (W.D. Tenn. Oct. 26, 2004) (dismissed for failure to state a claim); *see also Benson v. Fields*, No. 22-2413-SHM-tmp (W.D. Tenn. Feb. 17, 2023) (after Benson's appeal to the United States Court of Appeals for the Sixth Circuit was dismissed for failure to pay the filing fee, the District Court dismissed Benson's § 1983 case with prejudice for failure to pay the District Court's filing fee); *Benson v. Fields*, No. 22-2449-SHM-tmp (W.D. Tenn. Mar. 1, 2023) (dismissing case with prejudice pursuant to 28 U.S.C. § 1915(g), notifying Benson of the Court's strike recommendation, and entering judgment).

3

proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. *See*, *e.g.*, *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (requiring allegations that "describe with sufficient detail why the prisoner is in imminent danger"). The assessment of whether a prisoner is in imminent danger is made at the time the complaint is filed. *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

In the Consolidated Complaint, Benson alleges that:

(1) On January 18, 2025, Benson was "arguing with Officer Fletcher about yelling at me when Officer Fifer pushed me in my stomach and hurted [sic] my hernia and began punching me in my face" (the "Incident") (ECF No. 1 at PageID 1 (the "Excessive Force Claim").) Benson alleges he suffered a bloody nose and bloody lips during the Incident. (*Id.*) Benson does not allege ongoing physical injuries from the Incident. (*See id.* at PageID 1-2.) Benson does not allege that the Defendants' supposed "assault" (*id.* at PageID 1) of Benson on January 18, 2025 was ongoing when he filed the Consolidated Complaint. (*See id.* at PageID 1-2.)

(2) Benson alleges inadequate prison grievance process due to the Defendants' supposed lack of response to Benson's grievances about the Incident. (ECF No. 2 at PageID 5; ECF No. 4 at PageID 7; ECF No. 9 at PageID 20) (the "Inadequate Grievance Process Claim").

(3) Benson alleges that Officer Fifer and Officer Fletcher "ha[ve] been harassing me and making threats to poison my food or have my food poisoned under the fact that I get a vegetarian diet." (ECF No. 6 at PageID 13; *see also* ECF No. 9 at PageID 20) (the "Verbal Harassment Claim"). Benson alleges that he "[i]llegally, from February 20, 2025 and continuously, have not ate [sic] breakfast nor dinner because the Dir./Admin. and the Grievance Dept. continuously allowed Officer Fifer and Officer Fletcher to execute harassment/threats of killing me." Benson does not allege physical injury from the supposed verbal harassment and threats by Officer Fletcher and Officer Fifer. (*See id.*)

(4) Benson alleges that, "[o]n 02-28-25, the Healthcare Staff denied/rejected my emergency grievance […] for [B]oost[2] after shown [sic] good cause for not eating

---

[2] Benson does not allege facts describing the term "[B]oost" or the reasons he requested it from staff at the SDOC. (ECF No. 11 at PageID 24.) Solely for the purpose of analyzing whether the allegations in the Consolidated Complaint meet the requirements of 28 U.S.C. § 1915(g), the Court liberally construes Benson's use of that term to refer to the high-protein drink Boost. (*See* https://www.boost.com (last accessed Apr. 15, 2025).)

4

breakfast, lunch, nor dinner due to my civil war with Fifer and Fletcher." (ECF No. 11 at PageID 24) (the "Boost Claim").

(5)  Benson alleges that, on March 10, 2025, Fletcher and Fifer "attempted to move [an] inmate into my cell to kill me." (ECF No. 12 at PageID 27 (the "Inmate Move Claim").)  When Benson protested the move, Fifer "plac[ed] his handcuffs on me too tight to cause me to faint." (*Id*. (the "Fainting Claim").)

(6)  Benson alleges a "conspiracy" among the Defendants "to cause me further physical harm from personal animosity and retaliation of me filing previous grievances / lawsuits on the Defendants." (*Id*. (the "Conspiracy Claim").)

Benson sues (1) SCDC Officer S. Fifer and (2) SCDC Officer Y. Fletcher.  (ECF No. 1 at PageID 1; ECF No. 3 at PageID 7; ECF No. 4 at PageID 7; ECF No. 11 at PageID 24; ECF No. 12 at PageID 27.)  Benson seeks: (1) ten thousand dollars ($10,000.00) for "serious physical harm and serious physical harm in generally [sic] humiliation and embarrassment and mental and emotional distress and pain and suffering" (ECF No. 1 at PageID 1-2; ECF No. 12 at PageID 27-28); (2) "an additional five thousand dollars ($5,000.00) and the return of good time" for inadequate prison grievance process and the Defendants' "cover up" of the Incident (ECF No. 4 at PageID 7-8); (3) ten thousand dollars ($10,000.000) for the SCDC Grievance Department's "neglecting their official duties." (ECF No. 6 at PageID 14; ECF No. 9 at PageID 20); and (4) ten thousand dollars ($10,000.000) for "conspiracy with the Director and subordinates to inflict cruel and unusual punishment to kill me due to pending lawsuits in U.S. courts by denying my request for [B]oost." (ECF No. 11 at PageID 24.)

Benson's allegations in the Consolidated Complaint do not rise to the level of imminent danger of serious physical injury within the meaning of § 1915(g).

First, to satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate *and the danger of serious physical injury must exist at the time the complaint is filed*." *Rittner*, 290 F. App'x at 797-98 (emphasis added) (internal

5

quotation marks omitted).  The Excessive Force Claim, the Inmate Move Claim, and the Fainting Claim do not satisfy this temporal requirement of "imminent danger" because: (1) Benson does not allege that Officer Fifer and Officer Fletcher were "push[ing]" or "punching" (ECF No. 1 at PageID 1) Benson when he filed the Consolidated Complaint; (2) Benson does not allege that the "assault" (*id*. at PageID 1) that occurred on January 18, 2025 is ongoing (*see* ECF Nos. 1-2, 4-6 & 9); (3) Benson does not allege that the inmate whom Fletcher and Fifer moved into Benson's cell on March 10, 2025 has "kill[ed]" Benson, as Benson contends Fletcher and Fifer intended the inmate to do (ECF No. 12 at PageID 27); and (4) Benson does not allege that his "fainting" from Fifer's placement of handcuffs on Benson on March 10, 2025 (ECF No. 12 at PageID 24) is ongoing.  An allegation of past danger does not invoke the imminent danger exception of § 1915(g). *Vandiver*, 727 F.3d at 585 ("a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception"); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 491 (6th Cir. 2012) (same); *Percival v. Gerth,* 443 F. App'x 944, 946 (6th Cir. 2011) (same).

Second, the Inadequate Grievance Process Claim, the Verbal Harassment Claim, the Boost Claim, and the Conspiracy Claim do not satisfy the "serious physical injury" requirement of § 1915(g).  Benson does not allege that he suffered physical harm from: (1) the SCDC Grievance Department "not perform[ing] their official duties after I had reported to them that Officer Fifer physically assaulted me" (ECF No. 2 at PageID 5); (2) Officer Fletcher and Officer Fifer "harassing me and making threats to poison my food" (ECF No. 6 at PageID 13); (3) the denial of Boost on February 28, 2025 (ECF No. 11 at PageID 24); or (4) the "conspiracy" among the Defendants "to cause me further physical harm from personal animosity and retaliation."  (ECF No. 12 at PageID 27.)  The use of harassing language by a prison official, although unprofessional and deplorable, does not typically rise to constitutional dimensions.  *See Ivey v. Wilson*, 882 F.2d

950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of pain infliction that the Eighth Amendment prohibits). The Court does not condone the making of threats by prison officials or inmates. However, despite the Defendants' alleged verbal harassment of Benson (*see* ECF No. 6 at PageID 13-14; ECF No. 9 at PageID 20-21), Benson does not claim that he suffered physical injury from: the verbal harassment by Defendants (*see id.*); the denial of Boost (ECF No. 11 at PageID 24); or the "conspiracy" among the Defendants "to cause [Benson] physical harm." (ECF No. 12 at PageID 27.) Benson's allegations are not sufficiently "real and proximate." *See Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797); *George v. Dalton*, No. 1:23-cv-1370, 2024 WL 93360, at *3-4 (W.D. Mich. Jan. 9, 2024) (concluding that § 1915(g) barred the plaintiff, who was a three-strike filer under § 1915(g), from proceeding *pro se* where he alleged the defendant "made a statement that Plaintiff was going to 'kill [Plaintiff] and his family'"); *Tucker v. Kinsella*, No. 2:23-cv-226, 2023 WL 8713097, at *4 (W.D. Mich. Dec. 18, 2023) ("allegations regarding 'death threats' suggest that while incarcerated, Plaintiff was verbally harassed by some Defendants; however, they fail to support an inference that Plaintiff was in imminent danger of serious physical injury within the meaning of § 1915(g)"); *Tucker v. Kemp*, No. 2:22-cv-205, 2023 WL 2155484, at *5 (W.D. Mich. Feb. 22, 2023) (same).

Benson's Consolidated Complaint does not come within the exception to 28 U.S.C. § 1915(g). Benson does not allege facts demonstrating that, when he filed the Consolidated Complaint (ECF Nos. 1-2, 4-6 & 9), he was in "imminent danger of serious physical injury" as a result of the conduct and events described in the Excessive Force Claim, Inadequate Prison Grievance Process Claim, Verbal Harassment Claim, Boost Claim, Inmate Move Claim, Fainting Claim, or Conspiracy Claim.

For the reasons explained above: (1) Benson's Consolidated Complaint (ECF Nos. 1-2, 4-6, 9, 11 & 12) is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(g); and (2) to the extent Benson seeks leave to proceed *in forma pauperis* (*see* ECF No. 7), Benson's request is DENIED. All pending motions (ECF Nos. 7, 8 & 10) are DENIED. The Court will re-open this case on a motion that (1) shall be filed by Benson WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FOUR HUNDRED AND FIVE DOLLAR ($405.00) CIVIL FILING FEE. If Benson fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice.

IT IS SO ORDERED, this  *16th*  day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE